United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KING MWASI,

    Plaintiff,

v.

RON BROOMFIELD, et al.,

    Defendants.

Case No. 23-cv-01072-JD (PR)

**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND; AND SERVING COGNIZABLE CLAIM**

Re: Dkt. No. 1

## INTRODUCTION

Plaintiff, a California prisoner proceeding *pro se*, filed this civil rights case under 42 U.S.C. § 1983 alleging, among other claims, that Defendants violated his rights under the Eighth Amendment by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men (CIM) to San Quentin State Prison (SQSP) in May 2020. Plaintiff's complaint (Dkt. No. 1) is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the complaint is ordered served on Defendants and certain claims will be dismissed with leave to amend. Plaintiff will be granted leave to proceed *in forma pauperis* by separate order.

## DISCUSSION

### A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

1  (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d
2  989, 993 (9th Cir. 2020).
3        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
4  claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not
5  necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the
6  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
7  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
8  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
9  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
10 cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.
11       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
12 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
13 the alleged violation was committed by a person acting under the color of state law. *See West v.*
14 *Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff names the following Defendants:

    a. SQSP Warden Ron Broomfield,
    b. California Department of Corrections and Rehabilitation (CDCR) Secretary Ralph Diaz,
    c. SQSP Chief Medical Executive Alison Pachynski,
    d. CDCR Director Kathleen Allison,
    e. Former Director of CDCR's Medical Services R. Steven Tharratt,
    f. Associate Director of Reception Mission Ron Davis,
    g. SQSP Healthcare Chief Executive Director Clarence Cryer,
    h. Chief Physician and Surgeon Shannon Garrigan,
    i. CIM Chief Medical Officer L. Escobell,
    j. CIM Chief Medical Executive Muhammad Farooq,
    k. CIM Chief Physician And Surgeon Kirk Torres, and

2

1. "Does 1 to 10."

Plaintiff alleges that the named Defendants "individually and collectively were grossly negligent [and] deliberately indifferent in their actions [and] lack of actions which led to [and] resulted in Plaintiff contracting COVID 19." Dkt. No. 1 at 2. Specifically, Defendants "transferred busloads of infected inmates, knowingly, from CIM to SQ[SP], [where there] were 0 cases [thus] triggering massive outbreak at SQ[SP] in May 2020; and Plaintiff contracted COVID in June 2020." *Id.* at 3. Plaintiff adds that he "continues to suffer several symptoms as [a] COVID long hauler, including permanent G.I. disease caused by COVID and Plaintiff has not rec[eived] thorough and comple[]te/adequate treatment." *Id.* Plaintiff claims that "[a]fter 2+ years, [he] still ha[s]n't seen [a] [COVID] long hauler specialist, yet continues to battle debilitating illnesses from COVID." *Id.* He alleges the above actions and inactions by the named Defendants violated the Eighth Amendment. *Id.* at 2-3. He seeks injunctive relief as well as monetary and punitive damages. *Id.* at 3.

### 1. Claim for Deliberate Indifference to Safety Needs

Liberally construed, the allegations regarding the May 2020 transfer of CIM inmates into SQSP state a cognizable Eighth Amendment claim for deliberate indifference to Plaintiff's safety needs. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

### 2. Claims Against Defendant Tharratt

The Court DISMISSES Plaintiff's complaint against Defendant Tharratt. The Court understands, as the Attorney General has represented to another court in this district, that "[t]o the best of [the Attorney General's] knowledge, [Dr.] Tharratt died on August 20, 2020." *See* Case No. 3:20-cv-07845-CRB, Dkt. Nos. 37, 37-1. The Court takes judicial notice pursuant to Federal Rule of Evidence 201 of the filing in that case, which attaches Dr. Tharratt's obituary published on the California Department of Corrections and Rehabilitation website on October 6, 2020, *available at* https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-medical-director-passes-away/. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746

3

n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record"); *Bullock v. Johnson*, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19 (C.D. Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018 WL 4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

Dr. Tharratt's death therefore preceded the filing of this action on March 9, 2023. *See* Dkt. No. 1. "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). Defendant Tharratt was therefore not an appropriately named Defendant at the onset of this litigation and will be DISMISSED.

### 3.  Claim for Deliberate Indifference to Serious Medical Needs

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's allegations, even liberally construed, are insufficient to state a claim for deliberate indifference to his serious medical needs. Specifically, accepting as true that Plaintiff had an objectively, sufficiently serious medical need, the complaint does not allege any facts suggesting that the named Defendants acted with deliberate indifference. A defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* Here, Plaintiff adds no facts whatsoever linking any of the named Defendants to his allegations relating to the

1   lack of treatment for his alleged persistent COVID symptoms.

2        Plaintiff's claim will be dismissed with leave to amend to set forth specific facts showing how each named Defendant was deliberately indifferent to Plaintiff's serious medical needs, if he can truthfully do so. If Plaintiff wishes to amend this claim, Plaintiff must allege specific facts showing what each Defendant did or failed to do that amounted to deliberate indifference to his medical needs. Plaintiff must also specify: (1) the date/location of any alleged lack of treatment and (2) any injuries or other damages he suffered as a result of the alleged lack of treatment. Sweeping conclusory allegations will not suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Finally, Plaintiff is advised that a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Accordingly, the Court DISMISSES the claim for deliberate indifference to Plaintiff's serious medical needs with leave to amend, only if Plaintiff believes he can correct the aforementioned deficiencies.

### 4. Claim Against Doe Defendants

Lastly, the Court notes that Plaintiff has listed "Does 1 to 10" as Defendants in this action, *see* Dkt. No. 1 at 1, but he fails to identify how these Doe Defendants violated his constitutional rights. Specifically, Plaintiff merely lists these Doe Defendants in his complaint, but he does not allege how they actually and proximately caused the deprivation of the federally protected rights of which Plaintiff complains. *See Leer*, 844 F.2d at 634. Nor is it clear that Plaintiff intended to list these Doe Defendants as named Defendants in this action because Plaintiff did not include them under the "Parties" section of his complaint. *See* Dkt. No. 1 at 2; *see also Barsten v. Dep't of the Interior*, 896 F.2d 422, 423-24 (9th Cir. 1990) (plaintiff should be given leave to amend to name intended defendants). If Plaintiff wishes to add these Doe Defendants as named Defendants,

then Plaintiff must set forth specific facts showing how these Defendants actually and proximately caused the deprivation of a federally protected right, and Plaintiff must also provide to the Court the names of these Doe Defendant.

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Plaintiff's claim against "Does 1 to 10" is DISMISSED with leave to amend for Plaintiff to provide to the court the names of these Doe Defendants or, if the names are not presently known, to provide specific facts about these Doe Defendants to explain how they were involved in the deprivation of Plaintiff's federally protected rights. The Court further notes that if Plaintiff names these Doe Defendants in his amended complaint, he must link them to his claims by listing them clearly and describing these Doe Defendants (including any physical characteristics and their occupation, if possible) to the best of Plaintiff's abilities. Failure to do so will result in dismissal of these Doe Defendants without prejudice to Plaintiff filing a new action against them.

## CONCLUSION

For the reasons set out above,

1. The Court DISMISSES Defendant Tharratt.

2. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to his safety needs against the named Defendants.

3. The Court DISMISSES the following claims with leave to amend: Plaintiff's claim of deliberate indifference to his serious medical needs; and his claim against the Doe Defendants. If Plaintiff chooses to file an amended complaint, he must file the amended complaint within **twenty-eight (28) days** of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. 3:23-cv-1072-JD (PR) and the words

1  "AMENDED COMPLAINT" on the first page.  Plaintiff must use the Court's complement form and
2  answer all the questions on the form in order for the action to proceed.  Because an amended
3  complaint completely replaces the previous complaints, Plaintiff must include in his amended
4  complaint ***all*** the claims he wishes to present, including any amended claims (i.e., Plaintiff's claim
5  of deliberate indifference to his serious medical needs and his claim against the Doe Defendants)
6  as well as the Eighth Amendment claim for deliberate indifference to his safety needs against the
7  named Defendants, which the Court has already found cognizable.  *See Ferdik v. Bonzelet*, 963
8  F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint
9  by reference.  Failure to file an amended complaint in accordance with this Order in the time
10 provided will result in the following: (1) the dismissal of Plaintiff's claim of deliberate
11 indifference to his serious medical needs and his claim against the Doe Defendants—"Does 1 to
12 10"; (2) the initial complaint (Dkt. 1) remaining the operative complaint; and (3) this action
13 proceeding in accordance with this Order.

14       4.      The Court ORDERS that service on the following Defendants shall proceed under
15 the California Department of Corrections and Rehabilitation ("CDCR") e-service program for civil
16 rights cases from prisoners in the CDCR's custody:

17         a.   Ron Broomfield,
18         b.   Ralph Diaz,
19         c.   Alison Pachynski,
20         d.   Kathleen Allison,
21         e.   Ron Davis,
22         f.   Clarence Cryer,
23         g.   Shannon Garrigan,
24         h.   L. Escobell,
25         i.   Muhammad Farooq, and
26         j.   Kirk Torres.

27   In accordance with the program, the Clerk of the Court is directed to serve on the CDCR
28 via email the following documents: the operative complaint (Dkt. No. 1), this order, a CDCR

7

Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which Defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5. All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

6. This Court will issue a scheduling order for summary judgment or other dispositive motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter. *See* Dkt. No. 3.

7. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to

Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: January 22, 2024

_____
JAMES DONATO
United States District Judge